UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  5:24-01895 CBM (ADS)                                  Date:  July 28, 2025

Title:  *Romancee Oshay George v. J. Steenbergen, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (DKT. NO. 1)**

### I.    INTRODUCTION

Before the Court is a pro se civil rights Complaint filed by Plaintiff Romancee Oshay George, a federal prisoner, pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), and the Federal Torts Claim Act, 28 U.S.C. §§ 1346, 2671.  (Dkt. No. 1., Compl.)  Having conducted the mandatory screening required by 28 U.S.C. § 1915A(a), the Court dismisses the Complaint with leave to amend.

### II.   LEGAL STANDARD

The Court must screen a pro se complaint brought by prisoners to identify the cognizable claims or to dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  The Court accepts as true the factual allegations contained in the Complaint and construes all inferences in Plaintiff's favor.  See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  The Court liberally construes the Complaint because Plaintiff is proceeding pro se.  Hamilton, 630 F.3d at 893.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-01895 CBM (ADS)                    Date: July 28, 2025

Title: *Romancee Oshay George v. J. Steenbergen, et al.*

### III.   SUMMARY OF THE COMPLAINT

The events underlying the Complaint allegedly occurred when Plaintiff was a prisoner at the United States Penitentiary, Victorville ("Victorville").  (Compl. at 2.)  Plaintiff names J. Steenbergen, an Asst. Health Service Administrator, John Doe, "who works or resides at Regional Pharmacies", and the United States of America in their official capacities as defendants.  (Id. at 3.)

The Complaint alleges that Plaintiff has HIV and missed twenty days of doses of his HIV medication in an 80-day period while he was incarcerated at Victorville.  (Id. at 5–6.)  According to Plaintiff, he made written requests to Defendant J. Steenbergen to increase Plaintiff's pill supply from 14 days to 30 days, to prevent Plaintiff from running out of medicine and disrupting his doses.  (Id. at 5.)  Plaintiff claims Steenbergen denied this request.  (Id.)  Plaintiff alleges that the regional pharmacies failed to keep his HIV medicine in stock.  (Id.)  The Complaint alleges that Plaintiff filed a claim under the Federal Tort Claims Act (the "FTCA"), which was received on December 30, 2022.  (Id. at 7, 17.)

### IV.   DISCUSSION

#### A.   Eighth Amendment Bivens Claim

The Complaint asserts an Eighth Amendment deliberate indifference claim under Bivens.  Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court in certain contexts.  403 U.S. at 389.  The Supreme Court recognized a Bivens remedy for prison officials' failure to provide adequate medical care, in violation of the Eighth Amendment.  Carlson v. Green, 446 U.S. 14 (1980).  To state a Bivens claim for failure to provide adequate medical care, a plaintiff must allege facts that meet the standard for deliberate indifference to serious medical needs.  See Feao v. Ponce, 696 F. Supp. 3d 887, 910 (C.D. Cal. 2023) (applying deliberate indifference standard to Eighth Amendment Bivens claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-01895 CBM (ADS)                                       Date:  July 28, 2025

Title:  *Romancee Oshay George v. J. Steenbergen, et al.*

    To state a claim for deliberate indifference to medical needs, a plaintiff must show the following: (1) a serious medical need and (2) the defendant's response to the need was deliberately indifferent.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The first prong is met by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Id.  The "second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  "Yet, an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim."  Id.

    The Complaint contains insufficient factual allegations to state a claim for deliberate indifference to medical needs.  Additionally, with respect to Defendant John Doe, "who works or resides at Regional Pharmacies", the Complaint pleads insufficient facts to show that this Defendant is a federal agent under Bivens.  The Eighth Amendment Bivens claim is dismissed with leave to amend.

    **B.**    **FTCA Claim**

    Plaintiff purports to bring a claim pursuant to the FTCA.  The Complaint alleges that Plaintiff filed a federal tort claim, which was presented to the Federal Bureau of Prisons ("BOP") on December 20, 2022. (Compl. at 7.)

    The FTCA renders the United States Government liable in tort as a private individual would be under like circumstances.  See Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004); 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]").  FTCA claims may only be brought against the United States. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).  "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and as such, should be affirmatively alleged in the complaint." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-01895 CBM (ADS)                                  Date:  July 28, 2025

Title:  *Romancee Oshay George v. J. Steenbergen, et al.*

1980).  An FTCA action against the United States must be filed within six months of a notice of final denial of the claim by the agency to which it was presented, or it is "forever barred". 28 U.S.C.A. § 2401(b).  "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675.

As best the Court can tell, Plaintiff attempts to assert a medical malpractice claim pursuant to the FTCA.  Under the FTCA, the tort law of the state where the claim arose determines liability.  28 U.S.C. § 1346(b)(1).  In California, the "elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." Lattimore v. Dickey, 239 Cal.App.4th 959, 968 (2015).  The Complaint alleges insufficient facts to state a claim for the tort of medical malpractice.  This claim is dismissed with leave to amend.

**V.      CONCLUSION**

For the reasons above, the Complaint is subject to dismissal in its entirety. Plaintiff must elect to proceed with one of the following options by no later than **August 27, 2025.**

### Option 1: File a First Amended Complaint

Plaintiff may file a signed first amended complaint that cures the defects the Court has pointed out in this Order.  In doing so, Plaintiff is reminded to provide a short and plain statement of what happened, identify his claims against each defendant, and clearly describe each defendant's wrongful conduct.  Also, Plaintiff should state specific facts meeting the legal standard for each claim he is bringing.  Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing a first amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-01895 CBM (ADS)                                              Date:  July 28, 2025

Title:  *Romancee Oshay George v. J. Steenbergen, et al.*

Plaintiff is advised that an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). This means that the filing of an amended complaint entirely replaces the original or any prior complaint, which is "treated thereafter as nonexistent." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted). Therefore, the First Amended Complaint must contain all claims Plaintiff intends to bring against all defendants.

The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing a first amended complaint.

### Option 2: Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal. The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-09). Under 28 U.S.C. § 1915(g), a prisoner may not proceed in a civil action in forma pauperis, if the prisoner has three or more prior actions dismissed for failure to state a claim ("strikes"). Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike" for the purpose of precluding the grant of a future request to proceed in forma pauperis. See 28 U.S.C. § 1915(g).

### Option 3: Proceed with the Complaint

Plaintiff may elect to proceed with the Complaint in its current form. To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 3 and proceed on the Complaint, despite the infirmities described in this order.

Plaintiff is expressly cautioned that the deficient Complaint is subject to dismissal. If Plaintiff selects Option 3, it will be viewed by the Court as the inability to cure the defects identified in this order. As such, the Court may recommend dismissal with prejudice to the District Judge. Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-01895 CBM (ADS)                                      Date:  July 28, 2025

Title:  *Romancee Oshay George v. J. Steenbergen, et al.*

be able to assert these same claims in a new case.  Dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would also constitute a "strike" for the purpose of precluding the grant of a future request to proceed in forma pauperis.  See 28 U.S.C. § 1915(g).

**Plaintiff is expressly warned that failure to timely respond to this order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh